## Park Amusement Corp. v. Danner

*Carl J. Hepler,* for plaintiff.
*Francis J. Sullivan* and *Arthur Alan Wolk,* for defendants.

BODLEY, *J.,* December 30, 1976 — We have before us for disposition, pursuant to Bucks County Rule *266(e), plaintiff's motion to dismiss the preliminary objections of defendants, Lawrence J. Danner and Paula Mirsky, for failure to comply with subsection (b) of the rule. Because some confusion appears to exist among members of the bar as to the interplay between Rule *266 and Pa. R.C.P. 209, we deem it advisable to write this opinion.

In the case before us, the individual defendants, on May 28, 1975, filed preliminary objections in the nature of a demurrer and in the nature of a motion to strike plaintiff's amended complaint. Nothing transpired until February 5, 1976, when plaintiff's counsel filed a petition and rule under Pa. R.C.P. 209 to show cause "why they should not take depositions on disputed issues of fact or order the cause down for argument." The rule was signed as a matter of course by the prothonotary, returnable February 23, 1976. The return date passed with no response from counsel. On September 3, 1976, plaintiff's counsel served notice upon the individual defendant's counsel of his intention to seek dismissal of the preliminary objec-

tions under Rule *266(e). There having been no response thereto, the matter was brought before the court for disposition by praecipe filed October 4, 1976. It is noted that no rule absolute had been sought or entered pursuant to the rule granted upon the moving parties under Pa. R.C.P. 209.

We cannot know, but may surmise, that for this technical reason the non-moving party may feel secure and may believe that plaintiff's counsel is not entitled to the dismissal it seeks under Rule *266(e). We are led to this possibly erroneous conclusion because of our earlier experience involving the resort to Rule 209 in a similar situation.

The confusion, we believe, grows out of the wording of Rule *266(b), which provides, in part:

*"Subject to the provisions and requirements of Pa. R.C.P. 209* and Bucks County Civil Rules 209*(c), . . . when the matter be ripe for decision, either the moving party [shall] by praecipe filed with the clerk of the appropriate court or division, order the same to be submitted for disposition by the judge to whom the case has been assigned." (Emphasis supplied.)

The subsection goes on, of course, to detail those things required of the moving party. It is noted that under our revised rule, which became effective July 19, 1976, it is the moving party alone who must bring the procedural and legal questions before the court for disposition. His failure to do so may subject him to the sanction of dismissal as outlined in subsection (e) of the rule which states:

"In the event that the moving party does not comply with the provisions of sub-section (b) of this rule, any other party may by praecipe filed, request the Court to dismiss the application of the moving party, provided, however, that ten days

written notice of the intent to file such application shall be given to the moving party during which period of time the moving party shall have the opportunity to come into compliance with the requirements of sub-section (b)."

The risk of dismissal of the moving party's application for failure to move when given notice to do so is an innovation in the rule which is intended to offer the nonmoving party an expeditious way of bringing the case to issue. It places the burden where it properly belongs, and requires that the moving party file docket entries and a memorandum of law in support of the application at the time the praecipe under subsection (b) is filed. While no time limitation has been fixed within which the moving party must comply with subsection (b) prior to his being noticed to do so, it must be assumed that moving counsel has confidence in the merit of his position and will seek disposition of his application to the court with reasonable diligence. If he fails to do so, all that is required of the nonmoving party is that he give written notice under subsection (e) to the moving party of his intention to apply for dismissal of the application unless the moving party complies with subsection (b) within ten days of such notice.

It is assumed that a nonmoving party will extend the moving party the courtesy of allowing him a reasonable period of time following the filing of the motion or preliminary objections within which to prepare his memorandum of law. And an informal request to comply would seem to be an appropriate preliminary to the request for a dismissal. But, in any event, if the moving party should fail to come into compliance with subsection (b) after being noticed to do so under subsection (e) the court is

then empowered, within its discretion, to dismiss the application. It is implicit in such a case that an extension of time may be granted the moving party upon good cause shown in a timely application made therefor.

In most cases submitted to the court under Rule *266, Pa. R.C.P. 209 has no application. Although the new Rule *266 provides (as did the old, incidentally), in subsection (b), that the application of Rule *266(b) is "Subject to the provisions and requirements of Pa. R.C.P. 209 . . . ," there should be read into these words "where applicable." That is to say, in matters where there are no disputed issues of fact, as in the case of preliminary objections which raise questions of law or procedural questions only, Pa. R.C.P. 209 has no application and should not be resorted to. Such is the case here. The preliminary objections raise pure questions of law and in the language of Rule *266 "the matter [was] ready for decision" upon their having been filed. Hence, the rule upon the moving party to show cause why he should not proceed to take depositions "on disputed issues of fact" was meaningless, just as a rule absolute granted thereon would have been. Pa. R.C.P. 209, by definition, applies to petitions and answers which raise questions of fact. It applies, as well, to preliminary objections which raise questions of fact outside the record, since such objections cannot be disposed of until the issues of fact are resolved. See Goodrich-Amram 2d 209:1.1. But where questions of law alone are presented for disposition under Rule *266, Rule 209 should be ignored.

Because it is possible, as noted above, that the moving party herein felt secure procedurally in the absence of a rule absolute under Rule Pa. R.C.P.

209, we shall not dismiss the preliminary objections at this time but shall grant counsel an additional period of grace within which to come into compliance with Rule *266(b).

## ORDER

And now, December 30, 1976, plaintiff's application to dismiss the preliminary objections of the individual defendants is presently denied. However, unless counsel for said defendants comes into compliance with Rule *266(b) within ten days of receipt of notice of the filing of this opinion and order, the same shall be granted, and in such case it is directed that the prothonotary, upon praecipe, shall dismiss said preliminary objections as of course.